W. L. JOHNSON v. W. A. CHAMBERS AND O. L. CHAMBERS, TRADING AS PEERLESS ICE CREAM COMPANY.

(Filed 31 May, 1941.)

**Process § 1: False Imprisonment § 1—**

Where a justice of the peace, because of bad eyesight, requests his secretary to sign his name to the summons, which she does in his presence and under his supervision, the summons is valid, Michie's Code, 1487, and when the summons is issued in an action in arrest and bail and the defendant therein is later arrested upon return of execution against his property unsatisfied, the manner of the issuance of the summons will not support an action for false imprisonment.

APPEAL by plaintiff from *Rousseau, J.,* at February Term, 1941, of FORSYTH. Affirmed.

The defendants, W. A. Chambers and O. L. Chambers, trading as Peerless Ice Cream Company, of Winston-Salem, North Carolina, have manufactured ice cream and other frozen products which they sell to retailers on consignment. The company consigned certain goods to W. L. Johnson, who sold same and failed to account therefor. Action in arrest and bail was instituted before C. F. Penry, a justice of the peace, *whose eyes were bad on account of a cataract. He requested his secretary to sign his name to the summons, which she did in his presence and under his supervision.* The summons was duly served on the plaintiff, who failed to answer or appear in court and judgment in arrest and bail was rendered against him. This judgment was docketed in the office of the clerk of the Superior Court and an execution issued thereon was returned unsatisfied. Later, an execution against the person was issued and the sheriff held W. L. Johnson in custody for about five hours until the judgment was paid and satisfied in full. W. L. Johnson then instituted this action for false arrest. The trial judge held that the summons was void and would not permit the magistrate to explain about the signature except in the absence of the jury. After the jury had returned a verdict of $300, the court, feeling that it had erred in holding

that the summons was void and in excluding certain evidence, set the verdict aside and directed a judgment of nonsuit, from which the plaintiff excepted, assigned error and appealed to the Supreme Court.

*Fred M. Parrish for plaintiff.*
*A. B. Cummings for defendants.*

PER CURIAM. The question involved: Can a magistrate deputize another to sign his name to a summons? We think so, under the facts and circumstances of this case.

N. C. Code, 1939 (Michie), sec. 1487, deals with the commencing of an action in a justice of the peace court, a portion of which reads as follows: "The summons shall be issued by the justice and signed by him."

Section 476, dealing with institution of actions in the Superior Court, says, among other things: "The summons must run in the name of the State, be signed by the Clerk of the Superior Court."

The similarity of these two sections is striking and it follows that they should be interpreted the same.

N. C. Practice and Procedure in Civil Cases (McIntosh), sec. 310, pp. 301-2, in part, reads: "The summons usually concludes with a general order to the officer:

" 'Herein fail not, and of this summons make due return.' It is attested by the clerk and dated of the day of issue: 'Given under my hand and seal of office, this........day of.............., ...... ..' It must be signed by the clerk, and when it is issued to another county the official seal should be attached. The statute does not prescribe any particular method of signing, and, where it appears that it was issued under proper authority, any formal irregularity may be corrected by amendment. The signing may be by the clerk himself, or by someone in his presence and under his direction. Since it is a ministerial act, it may be signed by a deputy clerk, usually in the name of the clerk by the deputy; or by an assistant clerk, who might sign in his own name. But a blank summons, handed to an attorney and by him filled up, signing the clerk's name, is not sufficient."

The judgment of the court below is
Affirmed.